Blair R. Jackson (9839)
API Law, PLLC
2551 N. Rampart Blvd., Suite 372
Las Vegas, Nevada 89128
Telephone: (725) 209-5889
brj@api.law
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

VANILLA CHIP LLC, a Nevada limited liability company, d/b/a TruHeight
Plaintiff,

v.

Highspot Vitamins LLC d/b/a "hSpot", a Wyoming corporation,
Defendant.

**CASE NO: ____________________**

**COMPLAINT FOR FALSE ADVERTISING UNDER LANHAM ACT**

Plaintiff Vanilla Chip LLC d/b/a TruHeight ("TruHeight") alleges as follows:

## NATURE OF THE ACTION

1. This action challenges specific false or misleading commercial advertising for HIGHSPOT Height Growth Products height-related dietary supplements concerning product qualities, safety, and efficacy. TruHeight seeks relief for commercial injury caused by the identified misrepresentations.

## PARTIES

2. Plaintiff Vanilla Chip LLC is a Nevada limited liability company with its principal place of business at 5573 San Florentine Avenue, Las Vegas, NV 89141, and does business as TruHeight.

3. Defendant Highspot Vitamins LLC ("Highspot") is identified in Amazon's seller disclosure as the individual operating 'Highspot' (seller ID A2HB3SMVXB53E5). Highspot has an address of 30 N Gould St #53726, Sheridan, WY 82801.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1121 because this action arises under the Lanham Act, 15 U.S.C. § 1125(a).

5. This Court has personal jurisdiction over Defendant, including Defendant's purposeful direction of advertising and sales into the United States and this District related to the challenged conduct.

6. Venue is proper under 28 U.S.C. § 1391 based on Defendant's conduct directed to this District and sales of the accused product through Amazon to purchasers in this District

## FACTUAL ALLEGATIONS

7. TruHeight markets pediatric and adolescent nutritional supplements through its website, Amazon, and other sales channels, including TruHeight Growth Gummies (ASIN B087QR7D1H) and TruHeight Growth Capsules (ASIN B08MWFRP25).

8. Defendant sells Height Growth Gummies (ASIN B0DLPBPYDT (60 Count), B0FDGQVFR3 (120 Count), and B0FDGP52Y1 (180 Count)) on Amazon at

https://www.amazon.com/dp/B0DLPBPYDT,

https://www.amazon.com/dp/ B0FDGQVFR3, and

https://www.amazon.com/dp/B0FDGP52Y1 (the 'Product').

9. The parties' products directly compete in the nutritional supplements segment targeting children and adolescents.

10. As of October 2, 2026, the Amazon listing for the Product showed an in-stock offer by Defendants.

11. As of October 2, 2026, Defendant advertised the Product on Amazon with the following statements:

a. “Height Growth Support Gummies”

b. “Supporting Growth”

c. “Reinforcing bones”

d. “Building muscle”

e. “Enhanced Growth Support Formula”

f. “Supports Maximum Potential”

g. “Natural Growth”

12. These statements appeared on the Product packaging, listing images, sponsored advertisements, or other locations within the Amazon listing, as shown in Exhibit A.

13. Defendant created, approved, or caused publication of these statements.

14. Read together, the statements convey that users will experience visible increases in height and bone growth.

15. The messaging expressly targets kids and teenagers (“**Teen Boy Vitamins**”, “**Multivitamin for Kids for Picky Eater**”, “**Teens Boy & Girl**”) and adults (“**Kids, Teens & Adults**”).

16. These representations are false as to adults with fused growth plates. Nutritional supplementation cannot cause longitudinal bone growth in such adults, and any claimed bone density effect is distinct from increased skeletal height.

17. Defendant also represents that the product will cause "height support" and "bone growth support," which is false because Defendants lack competent and reliable scientific evidence substantiating these claims.

18. Defendant markets chronic-use ashwagandha gummies to kids and teenagers without disclosed safety guidance.

19. The advertising is demonstrably false for both adults (whose growth plates are closed) and kids and teenagers (whose growth occurs over many years).

20. These representations are material because they concern efficacy and safety—key factors in consumers' purchasing decisions for nutritional supplements.

21. Defendant disseminated these representations to prospective purchasers through the publicly available Amazon listing to induce purchases of the Products.

22. Defendant advertised and sold the Products in interstate commerce competing with Plaintiff's product.

23. Defendant's false advertising caused commercial injury to TruHeight, including diverted sales, price erosion, consumer confusion regarding efficacy, and harm to business reputation.

24. The challenged representations materially influenced purchasing decisions because consumers encountered and relied on them in the Amazon listing when assessing efficacy and safety.

25. The connection between the false advertising and TruHeight's injury is evidenced by Defendant's undercutting price placement among adult and teens vitamin listings on Amazon and the prominence of the challenged claims.

26. On August 27, 2026, TruHeight sent a cease-and-desist demand regarding

the challenged claims.

27. Defendant did not respond by the September 6, 2026, deadline or provide substantiating clinical evidence or safety support information that was relied on in making the asserting in the product advertising.

28. The challenged advertising remained available as of filing, and TruHeight continues to suffer the injuries described above.

29. Defendant's Product appears in search results for "height" or "growth" supplements for children and teens on Amazon, further demonstrating direct competition.

30. As a proximate result of Defendant's false or misleading advertising, TruHeight has been harmed in an amount to be determined at trial.

**COUNT I — FALSE ADVERTISING**

**Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B)**

31. In commercial advertising and promotion, Defendant made the specified false or misleading representations of fact about the nature, characteristics, or qualities of the Product, and disseminated them to prospective purchasers as described above.

32. Defendant's representations were literally false, or, in context, were misleading and actually deceived or tended to deceive a substantial segment of the audience.

33. The claim is based on the affirmative falsity and misleading net impression of the identified statements, not solely on a lack of substantiation.

34. The deception was material to purchasing decisions and occurred in interstate commerce through the Amazon marketplace as alleged.

35. The identified advertising proximately caused TruHeight's commercial injury, including lost sales and harm to commercial reputation, in amounts to be proven at trial.

36. Defendant's offending conduct is ongoing or likely to recur absent injunctive relief.

37. TruHeight seeks injunctive relief under 15 U.S.C. § 1116 and monetary relief under 15 U.S.C. § 1117(a), subject to proof and equitable principles.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Enjoin Defendant from publishing the specific false or misleading representations identified herein;

B. Require Defendant to remove or correct advertising within their control and to request correction of content they supplied to Amazon;

C. Award Plaintiff its damages and Defendant's profits attributable to the violation;

D. Award pre- and post-judgment interest as permitted by law;

E. Award reasonable attorney's fees under 15 U.S.C. § 1117(a); and

F. Grant such other appropriate relief as the Court deems just.

Dated: October 14, 2026

API LAW, PLLC

/s/ Blair R. Jackson
Blair R. Jackson (No. 9839)
Counsel for Vanilla Chip LLC
d/b/a TruHeight